**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REYNALDO ROSARIO, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil Action No. 07-5345 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. | |

**APPEARANCES**:

    REYNALDO ROSARIO, #22362-050
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge

Reynaldo Rosario filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence.  Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

Petitioner challenges a 327-month sentence entered by this Court on June 28, 1999, based on his plea of guilty to possession with intent to distribute five kilograms of cocaine.  See United States v. Rosario, Crim. No. 93-0197 (AMW) (D. N.J. filed April 21, 1993).  The Court of Appeals for the Third Circuit affirmed

the conviction.  On August 30, 2000, Petitioner filed a motion to vacate the sentence under 28 U.S.C. § 2255.  See Rosario v. United States, Civil No. 00-4239 (AMW) (D. N.J. filed Aug. 30, 2000).  United States District Judge Alfred M. Wolin denied relief on March 7, 2001.  On April 25, 2002, the Court of Appeals denied Petitioner's request for a certificate of appealability. See Rosario v. United States, C.A. No. 01-1836 (3d Cir. April 25, 2002).  On March 11, 2005, Petitioner filed a motion to reopen the § 2255 case, which United States District Judge Faith S. Hochberg denied on August 29, 2006.

    On January 3, 2007, the Court of Appeals for the Third Circuit denied Petitioner's request to file a second or successive § 2255 motion as follows:

> First, Petitioner claims newly-discovered evidence regarding the conviction of his prior attorney in a drug matter, but allegations contained in his previous section 2255 motion reveal that he was previously aware of these facts.  Further, Petitioner submits a 1999 letter as evidence supporting this claim; he has not shown that the factual predicates for his claim could not have been discovered previously through the exercise of due diligence.  See 28 U.S.C. § 2244(b)(2)(B)(I).  Next, Petitioner cites Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), as new rules supporting his application.  However, the Supreme Court has not made Blakely or Booker retroactively applicable to cases on collateral review, and those cases cannot form the basis for a second or successive section 2255 motion.

In re Rosario, C.A. No. 06-4326 order (3d Cir. Jan. 3, 2007).

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence essentially on the following grounds: (1) Petitioner could not speak or read English at the time he committed the crime; (2) Petitioner was not predisposed to sell cocaine but was entrapped in violation of the Fifth Amendment by Olayi Millian, a drug trafficker who acted as a confidential government informant pursuant to a use immunity agreement; (3) Petitioner's defense attorney Manuel Dias, who was convicted of possession of heroin, provided constitutionally ineffective assistance of counsel by failing to develop the entrapment defense; and (4) Petitioner was denied his due process right to see the two Pre-Sentence Reports prepared in his case.

## II.  DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. §

2255.[1]  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538; see also Dorsainvil, 119 F. 3d at 251.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

---

[1] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

4

In this case, because the sentencing court "could have entertained the prisoner's claim[s], inquired fully into the facts and granted the very relief the prisoner is seeking," § 2255 is not inadequate or ineffective for Petitioner's challenge to his sentence pursuant to his guilty plea. United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).  This Court will therefore dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


          **s/ Jerome B. Simandle**
          **JEROME B. SIMANDLE, U.S.D.J.**


Dated:  **September 10**, 2008